PER CURIAM.
Dr. Robert N. Moses petitions this court for review of an action of the Department of Health which suspended his license to practice chiropractic medicine on an emergency basis. This emergency suspension order (ESO) purports to be authorized by section 456.074(4), Florida Statutes (2003), which permits the department to so act when a health care practitioner defaults on student loans, notice is given, and the matter is not corrected:
(4) Upon receipt of information that a Florida-licensed health care practitioner has defaulted on a student loan issued or guaranteed by the state or the Federal Government, the department shall notify the licensee by certified mail that he or she shall be subject to immediate suspension of license unless, within 45 days after the date of mailing, the licensee provides proof that new payment terms have been agreed upon by all parties to the loan. The department shall issue an emergency order suspending the license of any licensee who, after 45 days following the date of mailing from the department, has failed to provide such proof. Production of such proof shall not prohibit the department from proceeding with disciplinary action against the licensee pursuant to s. 456.073.
However, the only notice given to Dr. Moses was a “Pre-Notice Advisory” issued on December 20, 2002, which stated, among other things, that “[tjhis advisory is to notify you that in the future, you may receive a notice from the Department that your Florida license may be subject to immediate suspension unless you provide proof that new payment terms have been agreed upon by all parties to the loan.” This same “advisory” went on to recite that “the Florida Department of Health will be checking the DHHS list again in the near future in order to determine whether further action by the Department will be required. Your efforts to resolve this matter with the DHHS may result in the removal of your name from the DHHS list and prevent further action by the Department of Health against your professional license.”
The December 20, 2002, correspondence can only be regarded as a precursor to the actual notice required by statute which the department must issue before taking action under section 456.074(4), Florida Statutes. We are therefore compelled to agree with petitioner that the ESO is fatally defective in this respect. We also cannot conclude, independent of the legislature’s determination in section 456.074(4), that Dr. Moses’ failure to repay his student loans constitutes an “immediate serious danger to the public health, safety, or welfare.” See section 120.60(6), Florida Statutes (2003).
*1293 The petition is granted and the ESO is hereby quashed. This disposition is, of course, without prejudice to the department’s authority to file an administrative complaint against Dr. Moses and proceed in accordance with the non-emergency procedures set forth in chapter 120, Florida Statutes.
PETITION GRANTED.
WOLF, C.J., KAHN and LEWIS, JJ„ concur.